IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GABRIEL MANGUM**                                                                      **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:16-CV-594-CWR-LRA**

**JACKSON PUBLIC SCHOOL DISTRICT**                                **DEFENDANT**

**ORDER**

Before the Court are the defendant's motion to dismiss and the plaintiff's motion for an extension of time to serve process. Docket Nos. 4, 6. For the reasons that follow, the case must be dismissed.

**I.     Factual and Procedural History**

Gabriel Mangum is a longtime employee of the Jackson Public School District. In this suit, he alleges that the principal of Brown Elementary School harassed him, retaliated against him, and discriminated against him on the basis of disability, all in violation of the Americans with Disabilities Act.

Mangum had previously brought his allegations to the attention of the federal government by filing a charge of discrimination with the Equal Employment Opportunity Commission. In a letter dated April 5, 2016, the United States Department of Justice, acting on behalf of the EEOC, issued Mangum a "right to sue" letter. *See* 29 C.F.R. § 1601.28(d) (right to sue letter issued by the Department of Justice when respondent is a political subdivision). The United States Postal Service tracking number indicates that the letter was received by the Postal Service on April 8 and delivered to Mangum's attorney's office on April 18.[1] His attorney filed this suit on July 28.

---

[1] These dates are based upon the Court's independent research, which was made possible because the Department of Justice sent the right-to-sue letter by certified mail. The plaintiff did not allege on what date the letter was received,

II.     Law

>Under Title VII, the ADEA, and the ADA, a plaintiff must exhaust administrative remedies before pursuing employment discrimination claims in federal court. For Title VII and ADA claims, exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. A plaintiff must file her civil suit within ninety days of *receipt* of a right-to-sue-letter.
>
>The requirement that a party file a lawsuit within this ninety-day limitations period under Title VII and the ADA is strictly construed. Commencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant. . . . This court routinely dismisses untimely claims involving delays after receipt of the right-to-sue letter in the absence of a recognized equitable consideration.

*Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207-08 (5th Cir. 2015) (quotation marks, citations, and brackets omitted); *see Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547 (5th Cir. 2010).

III.     Discussion

Mangum's suit was filed too late. Because his attorney received the right to sue letter on April 18, his lawsuit was due on or before July 18.[2] It was not filed for another 10 days. The delay requires the suit to be dismissed.

Mangum's complaint suggests that the 90-day clock started to run on April 28, when his attorney *read* the right to sue letter. As the above cases explain, however, that is not the law.

Mangum's response brief then presses that the resulting 10-day delay has not prejudiced JPS. Again, that is not the standard. This Court cannot extend the 90-day window to file suit unless the plaintiff has shown an entitlement to equitable tolling. *See Stokes*, 367 F. App'x at

---

and curiously, the defendant relies solely on the presumption of receipt set forth in *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547-48 (5th Cir. 2010) (presuming that right to sue letters are received between three and seven days after mailing).

[2] The ninetieth day is actually July 17, but because that was a Sunday, the time is extended a day. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

548; *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). And here, Mangum has not argued that any of the grounds for equitable tolling apply.

**IV.     Conclusion**

The motion to dismiss is granted. Dismissal renders moot the plaintiff's motion for an extension of time to properly serve the defendant. A separate Final Judgment shall issue.

**SO ORDERED**, this the 5th day of December, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

3